UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
SUNDIP POWAR

                              Plaintiff,

                                                                   SUMMONS

                    against-

                                                                    14 CV 4053

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DETECTIVE KEVIN J. FREIN Shield No. 333 and NEW
YORK CITY POLICE DETECTIVE SALVATOR ZAMBITO
Shield No. 5061,

                                       Defendants.
-------------------------------------------------------------------------------X

To the above-named Defendants:

        YOU ARE HEREBY SUMMONED: to answer the complaint in this action and to serve a copy

of your answer, or if the Complaint is not served with this Summons, to serve Notice of Appearance, on

the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of

service (or within 30 days after the service is complete if this summons is not personally delivered to

you within the State of New York); and in case of your failure to appear or answer, judgment will be

taken against you by default for the relief demanded herein.

Dated: Brooklyn, New York

      May 13, 2015

                                                                   LONNIE HART JR, ESQ.
                                                                   Attorney(s) for the Plaintiff
                                                                   26 Court Street, Suite 714
                                                                   Brooklyn, New York 11242
                                                                   (718) 246-8200

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
SUNDIP POWAR                                                    AMENDED
                                                              COMPLAINT
                              Plaintiff,                    JURY TRIAL DEMANDED

             -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DETECTIVE KEVIN J. FREIN Shield No. 333 and NEW
YORK CITY POLICE DETECTIVE SALVATOR ZAMBITO
Shield No. 5061,

                              Defendants.
--------------------------------------------------------------------------------X

Plaintiff, SUNDIP POWAR, by his attorney Lonnie Hart Jr. P.C., complaining of the Defendants

The City of New York (hereinafter referred to as "CITY"), New York City Police Detective JAMES

FREIN (hereinafter referred to as "FREIN"), and New York City Police Detective SALVATOR

ZAMBITO (hereinafter referred to as "ZAMBITO"), alleges upon information and belief, as follows:


## NATURE OF THE ACTION

1.      This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§1983

and 1988, for deprivation of Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth

Amendments of the United States Constitution, Article 1, Sections 6, 8, and 12 of the New York State

Constitution, and the laws of the State of New York, against the City of New York, New York City

Police Detective James Frein, New York City Police Detective Salvator Zambito, in their individual

capacities and official capacities.  Plaintiff seeks compensatory and punitive damages, affirmative and

equitable relief, an award of attorney's fees and costs, and such other relief as this Court deems

equitable and just.


## JURISDICTION

2.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. § 1331 and § 1367.

**VENUE**

3.      Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the events forming the basis of Plaintiff's complaint occurred in that District.

**NOTICE OF CLAIM**

4.      On April 8, 2013, Plaintiff filed a Notice of Claim upon Defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claim may be served.

5.      Plaintiff's Notice of Claim was in writing, individually sworn to by Plaintiff, containing his name and address, and the name and address of his attorney.

6.      The Notice of Claim set out the nature of the claims, the time when, the place where, and manner by which the claims arose, and the damages and injuries claimed to have been sustained by Plaintiff.

7.      The City of New York has failed to adjust the claims for the Plaintiff within the statutory time period.

8.      This action is being commenced within the statutory time period.

**THE PARTIES**

9.      Plaintiff SUNDIP POWAR (referred to as "PLAINTIFF" throughout this complaint) is a natural person who, at all times mentioned herein, resided in Kings County, New York.

10.     At all times hereinafter mentioned the Defendant CITY was and still is a municipal corporation, organized and existing under and pursuant to the laws of the State of New York. It is authorized by law to maintain a Police Department (hereinafter NYPD), and to maintain District Attorney's Offices in each of its five boroughs, including Kings County (hereinafter KCDA), which acts as its agents in the area of law enforcement to members of the public and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a NYPD and KCDA, and the employment of police officers, prosecutors and other employees of those agencies, as said risk attaches to the public consumers of the services provided by the New York City Police Department.

11.     Defendant JAMES FREIN was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the Defendant CITY and/or NYPD, a municipal agency of Defendant CITY. Said individual Defendant was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of Defendant CITY, was acting for, and on behalf of and with the power and authority vested in him by Defendant CITY and/or NYPD and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant JAMES FREIN is sued in his official capacity and individually.

12.     Defendant SALVATOR ZAMBITO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the Defendant CITY and/or NYPD, a municipal agency of Defendant CITY. Said individual Defendant was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of Defendant CITY, was acting for, and on behalf of and with the power and authority vested in them by Defendant CITY and/or NYPD and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant SALVATOR ZAMBITO is sued in his official capacity and individually.

**FACTS**

Plaintiff was arrested by defendant New York City Police Department on or about January 16, 2013 under Docket No. 2013KN004364, and charged with numerous felony counts including Attempted Assault in the First Degree pursuant to CPL § 110/120.10 and Criminal Possession of a Weapon in the Second Degree pursuant to CPL § 265.03 (1)(B).  The charges stemmed from an allegation of RUSLAN UMIROV (hereinafter complainant), who claimed that plaintiff had displayed a firearm and shot him in the foot.  At the time of plaintiff's arrest, the complainant had six open criminal cases being prosecuted by the Kings County District Attorney's Office (hereinafter KCDA).

Presumably, the KCDA was unable to prosecute or indict the matter and the case was eventually dismissed on July 26, 2013.

However, after being released on the first case, plaintiff was arrested again on or about January 21, 2013 by defendant ZAMBITO and charged with numerous felony offenses including Attempted Murder in the Second Degree pursuant to CPL §110/125.25(1).  As in the previous case, the complainant was RUSLAN UMIROV.  On this occasion, the complainant claims that he was stabbed by plaintiff requiring him to be hospitalized.  The plaintiff was incarcerated on $250,000 bail.

Plaintiff's defense counsel engaged the services of a private investigator to interview potential police and civilian witnesses.  The private investigator spoke to a Sargent of the 62nd precinct in Brooklyn who told the investigator that the complainant was a known drug dealer and a liar who had made false accusations against innocent persons in the past. As by way of example, the earlier arrest of plaintiff that was subsequently not prosecuted is proof of complainant's pattern of lies and deceit.  This information was communicated to defendant CRONIN by the defense.

Despite being advised of the complainant's sullied reputation, defendant the assigned Assistant District Attorney had the complainant testify in the Kings County Grand Jury.  It should be noted that

the complainant had to testify under a Waiver of Immunity because of the multiple open criminal matters he himself was facing.  The Grand Jury returned an indictment for Attempted Murder in the Second Degree under Indictment No. 702/2013.

Plaintiff was incarcerated on the newly indicted case and spent in excess of two months at Rikers Island based on charges the defendants knew or should have known were false and fabricated.

The assigned Assistant District Attorney apparently ignored the information she was given by the defense and subjected the plaintiff to over a year of court dates and threatened prison time.  The assigned Assistant District Attorney even went so far as to file a motion to have defense counsel Douglas Rankin removed from the case for some alleged conflict of interest.  That motion was denied.

Subsequently, on April 2, 2014, the KCDA was forced to dismiss the indictment on the eve of trail. The assigned Assistant District Attorney stated on the record that the complainant had become uncooperative as the reason for the dismissal.

**FIRST CAUSE OF ACTION**

13.     Paragraphs 1 through 12 of this complaint are incorporated herein by reference as though fully set forth herein.

14.     Defendants FREIN  and ZAMBITO falsely arrested and unlawfully imprisoned Plaintiff, or caused Plaintiff to be falsely arrested and unlawfully imprisoned, by way of their above-described actions.

15.     Plaintiff claims damages against each Defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiff as a result of their false arrest and unlawful imprisonment.

**SECOND CAUSE OF ACTION**

16.     Paragraphs 1 through 15 of this complaint are incorporated herein by reference as though fully set forth herein.

17.     Defendants FREIN and ZAMBITO intentionally inflicted emotional distress upon Plaintiff by way of Defendants' above-described actions.

18.     Plaintiff claim damages against each Defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiff as a result of the Defendants intentional infliction of emotional distress upon Plaintiff.

## THIRD CAUSE OF ACTION

19.     Paragraphs 1 through 18 of this complaint are incorporated herein by reference as though fully set forth herein.

20.     Defendants FREIN and ZAMBITO negligently inflicted emotional distress upon Plaintiff by way of Defendants' above-described actions.

21.     Plaintiff claim damages against each Defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiff as a result of the Defendants negligent infliction of emotional distress upon Plaintiff.

WHEREFORE Plaintiff, SUNDIP POWAR, demands judgment against the Defendants and demands:

(a) Compensatory damages in the sum of $1,000, 000.00(One Million Dollars).
(b) Punitive damages in the amount of $1,000,000.00 (One Million Dollars).
(c) Costs and attorney's fees under 42 U.S.C. § 1988.

(d)Such other and further relief as this court may deem appropriate and equitable.
(e)Plaintiff demands a jury trial.


Dated: Brooklyn, New York
        May 13, 2015

_____

Lonnie Hart Jr.
26 Court Street, Suite 714
Brooklyn, New York 11242
(718) 246-8200